IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

| | |
|---|---|
| UNITED STATES OF AMERICA § § VS. § § MICHAEL GIVENTER, § a.k.a. "Michael Blanc" § JULIA SHVABSKAYA, § a.k.a. "Julia Schwab", § a.k.a. "Julie Blanc" § | CRIMINAL NO. **10- 763** <br><br> 18 U.S.C. § 371 <br> 18 U.S.C. § 157 <br> 18 U.S.C. § 152 <br> 18 U.S.C. § 2 |

United States District Court
Southern District of Texas
FILED
NOV 3 2010
David J. Bradley, Clerk of Court

UNSEALED PER ORDER
10/14/11

INDICTMENT

COUNT 1
(Conspiracy to Commit Bankruptcy Fraud - 18 U.S.C. §371)

A. INTRODUCTION

1.  **MICHAEL GIVENTER**, defendant herein, was a resident in the state of Florida.

2.  **JULIA SHVABSKAYA**, defendant herein, was a resident in the state of Florida.

3.  On or about December 7, 2001, **MICHAEL GIVENTER** was ordered in a civil proceeding in federal District Court (State Farm v. Michael Giventer, Civ. Ct. No. H-98-5150; S.D. TX, Houston Div. 2001) to pay State Farm Mutual Automobile Insurance Company (State Farm) $8.6 million for devising and executing a fraudulent sudden stop automobile collision insurance scheme whereby millions in false insurance claims were paid from approximately 1992 through 1997.

4. On or about August 27, 2002, **MICHAEL GIVENTER** and Julia Shvabskaya entered into a premarital agreement transferring most of **MICHAEL GIVENTER**'s assets to **JULIA SHVABSKAYA**, in an attempt to shield him from creditors. **MICHAEL GIVENTER** and **JULIA SHVABSKAYA** then married on or about September 14, 2002 in Florida.

5. On or about November 4, 2005, **MICHAEL GIVENTER** filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Southern District of Texas.

6. Chapter 7 of the United States Bankruptcy Code (Title 11, United States Code) provided persons ("debtors") with an opportunity to obtain a fresh financial start through the elimination of their debts by paying their creditors a pro rata share of their property.

7. A debtor in a Chapter 7 bankruptcy case was required to file under penalty of perjury with the Bankruptcy Court, a petition, supporting schedules, and a statement of financial affairs disclosing, among other information, the debtor's income, debts, property, and transfers of property.

8. In the statement of financial affairs, a debtor was required to disclose truthfully information relating to the debtor's transfer of property other than in the ordinary course of the business or the financial affairs of the debtor within one year preceding the commencement of the debtor's bankruptcy case.

9. The filing of a Chapter 7 bankruptcy petition created a "bankruptcy estate" that consisted, in part, of all legal and equitable interests of the debtor at the commencement of the debtor's bankruptcy case. The bankruptcy trustee, the United States Trustee, and a debtor's creditors could seek to have certain property transferred by the debtor prior to the initiation of the debtor's Chapter 7 bankruptcy case returned to the debtor's bankruptcy estate.

10. A debtor was required to appear at a "Section 341" meeting of creditors at which the debtor was questioned under oath concerning the debtor's assets and liabilities and the accuracy of the debtor's petition, schedules, and statement of financial affairs.

## B. THE CONSPIRACY

11. From on or about August 27, 2002, until on or about July 2010, in the Southern District of Texas and elsewhere, defendants

**MICHAEL GIVENTER
and
JULIA SHVABSKAYA**

did knowingly, intentionally, and willfully combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury, to commit, and aid and abet in the commission of bankruptcy fraud, by devising and executing a scheme to defraud the bankruptcy Trustee and creditors in Texas and elsewhere, in violation of Title 18 United States Code, Section 157.

## C. OBJECTIVE OF THE CONSPIRACY

12. It was the purpose of the conspiracy to engage in a scheme to defraud the Trustee, creditors, and the bankruptcy court by concealing assets through fraudulent transfers to corporate entities the defendants herein created, by making false representations during bankruptcy court proceedings, and by destroying evidence, thereby avoiding responsibility and payment of debts previously incurred.

## D. MANNER & MEANS

13. It was a part of the conspiracy that defendants **MICHAEL GIVENTER** and **JULIA SHVABSKAYA** would and did enter into a premarital agreement transferring most of **MICHAEL GIVENTER**'s assets to **JULIA SHVABSKAYA** in an attempt to shield him from creditors.

14. It was a part of the conspiracy that the defendants would and did orchestrate the formation of multiple business entities allegedly dedicated to providing healthcare services, established in the name of **JULIA SHVABSKAYA** and others, while **MICHAEL GIVENTER** would and did retain control of the business entities and access to the earnings generated by those entities.

15. It was a part of the conspiracy that defendant **MICHAEL GIVENTER** would and did, knowingly and with intent to defraud, file a voluntary petition under Chapter 7 of the Bankruptcy Code in the Southern District of Texas.

16. It was a part of the conspiracy that defendant **MICHAEL GIVENTER** would and did, knowingly and with intent to defraud, use a scheme of corporate transfers of his assets to prevent his creditors from collecting a judgment against him, including fraudulently transferring his income and corporate interests to co-conspirator **JULIA SHVABSKAYA** and others, thereby denying his creditors access to payment of their just claims.

17. It was a part of the conspiracy that defendant **MICHAEL GIVENTER** and **JULIA SHVABSKAYA** would and did, knowingly and with intent to defraud, destroy financial records in order to conceal assets from the trustee and his creditors.

18. It was further a part of the scheme and artifice to defraud that the defendants would and did make false and fraudulent statements concerning their assets in order to conceal and cause to be concealed from the bankruptcy trustee and creditors, assets and earnings totaling approximately $4,000,000.00.

### E. OVERT ACTS

19. In furtherance of the conspiracy and to effect the objects thereof, the defendants performed and caused to be performed, among others, the overt acts set forth in Counts Two, Three, Four, and Five of this Indictment, hereby re-alleged and incorporated as if fully set forth in this count of the Indictment.

**All in violation of Title 18, United States Code, §371 and §2.**

## Count 2
### (Bankruptcy Fraud - 18 U.S.C. §157)

### A. INTRODUCTION

1. Section A of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

2. From on or about August 27, 2002, through on or about June 2010, in the Southern District of Texas and elsewhere, defendants

**MICHAEL GIVENTER
AND
JULIA SHVABSKAYA**

aided and abetted by each other, and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised and executed a scheme and artifice to defraud, and for the purpose of executing and concealing said scheme and artifice, filed a petition under Chapter 7, United States Bankruptcy Code, to wit, **MICHAEL GIVENTER**, in agreement with and assisted by **JULIA SHVABSKAYA**, fraudulently stripped himself of any assets that could be used to repay creditors, filed a bankruptcy petition, and made false and fraudulent representations both before and after filing the bankruptcy petition, in violation of Title 18, United States Code, Section 157.

### B. PURPOSE OF THE SCHEME TO DEFRAUD

3. Section C of Count One of this Indictment is re-alleged and incorporated as though fully set forth herein.

## C. MANNER AND MEANS

4. Paragraphs 14 through 18 of Section D of Count One of this Indictment are re-alleged and incorporated as though fully set forth herein.

## D. EXECUTION OF THE SCHEME TO DEFRAUD

5. In furtherance of the conspiracy and to effect the objects thereof, the defendants performed and caused to be performed, among others, the acts set forth in Counts Three, Four, and Five of this Indictment, hereby re-alleged and incorporated as if fully set forth in this count of the indictment.

**In violation of Title 18, United States Code, §157 and §2.**

### Count 3
### (Concealing Assets in a Bankruptcy Proceeding - 18 U.S.C. §152(1))

1. On or about November 4, 2005, in the Southern District of Texas and elsewhere, defendant

### MICHAEL GIVENTER

knowingly and fraudulently concealed assets from his estate in Bankruptcy Case No. Case No. 05-71496; to wit, the defendant intentionally failed to truthfully state his assets and liabilities in his voluntary petition when he filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code, Title 11, United States Code, concealing his ownership interest in multiple business entities allegedly dedicated to providing healthcare services,

from the Trustee charged with control of the defendant's bankruptcy estate, and from the creditors and the United States Trustee.

**In violation of Title 18, United States Code, §152(1).**

## Count 4
### (Making False Statements in Bankruptcy Proceedings - 18 U.S.C. §152(2))

1.  On or about April 20, 2006, in the Southern District of Texas, defendant

### MICHAEL GIVENTER

knowingly and fraudulently made false material statements under oath in and in relation to a case under Title 11, Case No. 05-71496; to wit the defendant falsely testified under oath in a proceeding before the case trustee at a meeting of creditors, that he had no knowledge of or ownership interests in multiple business entities allegedly dedicated to providing healthcare services, when in fact, the defendant was involved in the organization of the entities, maintained control of the business decisions, and he had access to the earnings generated by the business entities.

**In violation of Title 18, United States Code, §152(2).**

## Count 5
### (Destruction of Evidence Related to Bankruptcy Proceedings - 18 U.S.C. §152(8))

1. On or about October 30, 2006, in the Southern District of Texas and elsewhere, defendants

**MICHAEL GIVENTER
and
JULIA SHVABSKAYA,**

aided and abetted by each other and others unknown to the Grand Jury, knowingly and fraudulently destroyed financial records of **MICHAEL GIVENTER**'s estate, which was then in bankruptcy under Title 11, Case No. 05-71496; to wit, the defendants, against a court order, erased and destroyed computer files of financial records stored in the defendants' personal and business computers.

**In violation of 18 U.S.C. § 152(8) and §2.**

### NOTICE OF FORFEITURE

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), as a result of the commission of violations of Title 18, United States Code, Sections 152, as charged in Counts Three, Four, and Five, or a conspiracy to commit such violation, the United States gives notice to defendants

**MICHAEL GIVENTER
and
JULIA SHVABSKAYA**

that in the event of conviction, the following property, whether real or personal, is subject to forfeiture: all property constituting, or derived from, any proceeds obtained, directly or

indirectly, as a result of such violations, including but not limited to personal property and business assets concealed from the bankruptcy trustee and creditors.

## Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, in the amount of at least $4,000,000.00, for which the Defendants may be jointly and severally liable.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of Defendants,

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the Defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:


ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY


JOSÉ ANGEL MORENO
UNITED STATES ATTORNEY

By: _____
Justo A. Mendez
Special Assistant U.S. Attorney